IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN C. SANTA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-1343 |
| | : | |
| C/O JONE, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                                 **April 29, 2021**

Pro se Plaintiff Juan C. Santa brings this action pursuant to 42 U.S.C. § 1983, alleging Philadelphia Department of Prisons staff violated his civil rights while he was incarcerated in the Curran-Fromhold Correctional Facility (CFCF) in Philadelphia, Pennsylvania. Santa has taken no action since summonses were returned unexecuted almost two years ago. The Court, having no current address for Santa, issued three sequential extensions and ordered Santa to provide an updated address and show cause why the case should not be dismissed for failure to prosecute. Because Santa failed to comply with these Orders, the Court will sua sponte dismiss this case for failure to prosecute.

**BACKGROUND**

Juan C. Santa is a former inmate of the CFCF. On March 29, 2019, Santa filed suit alleging Corrections Officer Jone and other prison staff members violated his rights pursuant to § 1983 by threatening, harassing, and physically abusing him, as well as providing inadequate medical care. On April 2, 2019, the Court granted Santa's motion to proceed in forma pauperis. Summonses were issued on April 3, 2019 but were returned unexecuted on July 16, 2019.

After discovering Santa had been released from the CFCF, the Court issued, and the Clerk's Office mailed, three sequential orders directing Santa to file a change of address. Those orders were returned, and the Court confirmed Santa was released on February 27, 2020. On February 2,

2021, the Court issued a first order directing Santa to provide the Court with an updated address as required by Local Rule of Civil Procedure 5.1(b). *See* Order, Feb. 2, 2021, ECF No. 8. The Order also directed Santa to show cause why the case should not be dismissed for failure to prosecute. After the expiration of this two-week extension, the Court issued a second warning directing Santa to update his address and show cause. *See* Order, Feb. 19, 2021, ECF No. 9. After two more weeks of no response, the Court issued a final order cautioning Santa that this was the final extension and failure to comply would lead to dismissal. *See* Order, Mar. 8, 2021, ECF No. 10. To date, Santa has not responded to these orders.

**DISCUSSION**

Because Santa abandoned prosecution of his claims and failed to comply with three Orders granting him extensions, the Court will dismiss this case. A district court may dismiss an action if a litigant fails to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b). A court must justify its decision by considering "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history if dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, "when a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007), *see also McLaren v. N.J. State Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012).

Santa has failed to communicate with the Court in any substantive way in nearly two years. The only communication Santa made was a notice of correction to his address on April 9, 2019.

*See* Notice, ECF No. 6. Without Santa updating his address since then, the Court is unable to communicate with him regarding moving the case along. Santa must provide the information to serve Defendants, and without serving Defendants, this case is unable to proceed. Santa's conduct has thus prevented this case from proceeding and adjudication of his claims is impossible. Moreover, the *Poulis* factors also favor dismissal.

As for the first *Poulis* factor, Santa is solely responsible for the delay. Because the delay began before the defendants were served, Santa bears complete responsibility. *See, e.g.*, *Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"). Santa may have stopped receiving mail from the Court when he was released from prison, but he was responsible for providing the Court with an accurate mailing address pursuant to Local Rule of Civil Procedure 5.1(b). *See, e.g.*, *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1998) (observing "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address").

The second *Poulis* factor, prejudice to the defendants, also favors dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witness' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Tr.'s of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). It is unclear how Santa's case could proceed without his participation, but there is no way for Defendants to defend against Santa's claims in his absence.

The third factor, history of dilatoriness, is neutral. This factor must be assessed over the life of a case, and "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. Although the delay here is due to a single occurrence, and thus there is no history of dilatoriness, Santa's conduct does suggest an intention to abandon this case.

The fourth factor, whether a plaintiff's conduct was willful or in bad faith, is neutral. The Court cannot say whether Santa's failure to update his address was "'willful' or 'in bad faith' because, given his unknown whereabouts, we cannot ask him." *Welch v. City of Phila.*, No. 11-4670, 2012 WL 1946831, at *3 (E.D. Pa. May 30, 2012); *see also El-Hewie v. Paterson Pub. Sch. Dist.*, No. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is ambiguous," the court could not conclude that litigant acted willfully or in bad faith for purposes of the fourth *Poulis* factor). However, Santa is presumably aware of his obligation to keep his address current with the Court, and he has failed to do so. Santa's failure is more consistent with negligence or inadvertence as opposed to bad faith. Therefore, this factor is neutral.

The fifth factor, the effectiveness of sanctions other than dismissal, demonstrates no other sanction would be effective. Santa is proceeding pro se and thus, he is likely unable to pay monetary sanctions given his request to proceed in forma pauperis and because the Court has no way of imposing those sanctions without the ability to contact him. *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (per curiam) ("Because Adonai– Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *see also McLaren*, 462 F. App'x at 149 ("[A]lthough courts are normally required to consider whether a lesser sanction would be appropriate, the district court could not contact the plaintiff to threaten her with some lesser sanction." (internal citations and alterations omitted)).

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery. *See Poulis*, 747 F.2d at 869-70. Santa describes in vague detail certain incidents that occurred at the CFCF. At this early stage of litigation, based solely on the Complaint, it is possible that at least some of his claims may have merit. However, if Santa cannot be reached by the Court or the Defendants once they are joined, it is impossible to move this litigation forward. *See Welch*, 2012 WL 1946831, at *4 ("[W]hen neither the Court nor opposing counsel can reach the plaintiff because he has not furnished an up-to-date address (as is the case here), and when plaintiff has not responded to his opponents' allegations regarding his failure-to-prosecute (also the case here), we have no choice but to act on the information before us; Plaintiff has, in essence, made adjudication of the case impossible." (citing *McLaren*, 462 F. App'x at 148); *Smith v. Atlas Fitness Incorporation Sys.*, No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

The Court is also justified in using its authority to dismiss this case sua sponte. When dismissing an action sua sponte, a court "should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision." *Briscoe*, 538 F.3d at 258. The court should "provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte." *Id*. The Court has acquired all the facts it needs to make an informed decision about dismissing the case. Moreover, the Court provided Santa with three opportunities to explain his reasons for failing to prosecute. The Court's sua sponte authority is thus justified.

**CONCLUSION**

Because Santa has failed to prosecute this case for nearly two years, and because he failed to comply with three Court Orders directing him to update his address and show cause why this case should not be dismissed, the Court will dismiss this case for failure to prosecute.

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

**CONCLUSION**

Because Santa has failed to prosecute this case for nearly two years, and because he failed to comply with three Court Orders directing him to update his address and show cause why this case should not be dismissed, the Court will dismiss this case for failure to prosecute.

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.